UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACKIE ROGERS,

          Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
PUBLIC HEALTH, et al.,

          Defendants.

Case No. 26-cv-06495-ASK

**IFP AND SCREENING ORDER
REVIEWING PLAINTIFF'S
COMPLAINT**

Re: Dkt. No. 2

On June 29, 2026, Plaintiff Jackie Rogers filed this civil action and an application to proceed *in forma pauperis*. Dkts. 1, 2. The Court **GRANTS** Ms. Rogers's application. The Court now screens Ms. Rogers's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is sufficient.

## I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on § 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because § 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by an unrepresented plaintiff, courts must "construe the pleadings

liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up). Upon dismissal, unrepresented plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (cleaned up); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

**II.    DISCUSSION**

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are typically two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).

Here, the Court has federal subject matter jurisdiction over Ms. Rogers's complaint because her gender discrimination claim arises under federal law, namely, Title VII, 42 U.S.C. § 2000 *et seq*. Dkt. 1 at 2, 6.

Ms. Rogers's complaint, liberally construed, facially states a claim for gender discrimination. She alleges that, while working as a fiscal analyst in the Laboratory Field Services Unit of the California Department of Public Health, Defendants Palacios and Archuleta "repeatedly assigned [Ms. Rogers] work outside of her official classification, removing her from her fiscal analyst duties and forcing her to perform menial clerical duties, such as scanning and filing documents, for extended periods." *Id.* ¶¶ 6-7. Defendants excluded Ms. Rogers from "vital, mandatory monthly fiscal meetings that were critical to" her responsibilities, and instead ordered

2

her to scan files, "despite the fact that the LFS Unit employs a specific male staff member whose job designation is dedicated to performing those exact clerical duties[.]" *Id*. ¶¶ 14-15. "[O]ther male coworkers and favored staff were permitted to focus entirely on their core professional assignments rather than being forced into menial labor." *Id*.

Ms. Rogers "consistently complied with directives from Defendants, even when those clerical assignments exceeded the standard 5% operational threshold" for her role. *Id*. ¶ 11. Despite her compliance, Defendant Palacios threatened to mark Ms. Rogers as "Absent Without Leave (AWOL)" if she "did not physically report to the office during her approved, scheduled telework days." *Id*. ¶ 12. Unlike Ms. Rogers, "all male colleagues" were permitted to work remotely on their scheduled telework days. *Id*. ¶ 15. When Ms. Rogers questioned the clerical assignments, Defendants Palacio and Archuleta retaliated by "plac[ing] massive stacks of physical boxes inside [Ms. Rogers's] cubicle in a public manner that humiliated and degraded [Ms. Rogers] in front of her surrounding workplace peers[.]" *Id*. ¶¶ 8-9.

Ms. Rogers has thus set forth "a short and plain statement of the claim showing that [she] is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the Court concludes that the complaint is sufficient to satisfy § 1915 review.

## III.  CONCLUSION

For the reasons set forth above, the allegations in Ms. Rogers's complaint are sufficient under 28 U.S.C. § 1915(e)(2). The Clerk of Court shall issue the summons. Furthermore, the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, and this Order upon Defendants.

While this case is pending, Ms. Rogers must promptly inform the Court of any change of address. Failure to do so may result in dismissal of this action.

Because Ms. Rogers is unrepresented, she may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for unrepresented litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Ms. Rogers in preparing her case. Ms. Rogers may also wish to

United States District Court
Northern District of California

consult a manual the court has adopted to assist unrepresented litigants in presenting their case. This manual, and other free information for unrepresented litigants, is available online at: https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____
AJAY S. KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California